UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-185-RJC
(3:06-cr-7-RJC-1)

| | |
|---|---|
| THOMAS LAGENE FRANKLIN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). For the reasons stated below, the Court will grant the Government's Motion to Dismiss, (Doc. No. 3).

**I. BACKGROUND**

Petitioner pled guilty to possessing of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). (3:06-cr-7, Doc. No. 1: Indictment; Doc. No. 20: Plea Agreement). The written plea agreement acknowledged that the Court could sentence Petitioner up to the statutory maximum ten years' imprisonment for violating 18 U.S.C. § 922(g), and up to life imprisonment if he qualified as an armed career criminal. (Id., Doc. No. 20 at 1). The parties stipulated that "Defendant is an Armed Career Criminal under 18 U.S.C. § 924(e) [and] Defendant will receive a 15-year active sentence of imprisonment." (Id. at 2). Petitioner waived all appellate and post-conviction review rights except for claims of ineffective assistance of counsel and

1

prosecutorial misconduct, and sentencing challenges based on guideline findings inconsistent with the parties' stipulations, or based on unanticipated issues arising during the sentencing hearing that the Court certified to be of such an unusual nature as to require Fourth Circuit review. (Id. at 4).

The Presentence Investigation Report ("PSR") calculated the base offense level as 24 for a violation of 18 U.S.C. § 922(g)(1). (3:06-cr-7, Doc. No. 45 at ¶ 16). However, the offense level as an armed career criminal was 33. (Id. at ¶ 22). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. (Id. at ¶¶ 23-24).

The PSR's criminal history section included convictions for North Carolina possession with intent to sell or deliver cocaine, (id. at ¶ 30); North Carolina robbery with a dangerous weapon, (id. at ¶ 31); and possession of a firearm in relation to a crime of violence, *i.e.*, assault with a dangerous weapon in aid of racketeering activity in violation of 18 U.S.C. 1959(a)(3), Case Number 3:94-cr-29, (id. at ¶ 32). Petitioner had six criminal history points and a criminal history category of III; however, the criminal history category as an armed career criminal is IV. (Id. at ¶ 34). Petitioner's guideline imprisonment range was calculated as 135 to 168 months, which was raised to the statutory minimum of 180 months under § 924(e). (Id. at ¶¶ 51-52).

The Court accepted Petitioner's guilty plea and, on February 20, 2007, sentenced him to 180 months' imprisonment followed by three years' supervised release. (3:06-cr-7, Doc. No. 24: Judgment). Petitioner did not appeal.

On January 31, 2008, Petitioner filed a *pro se* § 2255 motion that was opened as a new civil case, number 3:08-cv-51. The Court denied relief on March 13, 2012, (3:08-cv-51, Doc. No. 25: Order), and the Fourth Circuit dismissed Petitioner's appeal on August 2, 2012, (id., Doc. No. 29).

On April 22, 2016, the Fourth Circuit granted Petitioner leave to file a second or successive § 2255 motion. (3:06-cr-7, Doc. No. 46). Petitioner filed the instant § 2255 Motion to Vacate through counsel on April 23, 2016, arguing that his sentence exceeds the statutory maximum because his 1994 federal conviction for possession of a weapon in relation to a crime of violence does not qualify as a "violent felony" under Johnson v. United States, 135 S. Ct. 2551 (2015). (Doc. No. 1). The Government filed a Motion to Dismiss arguing that the Motion to Vacate is barred by Petitioner's collateral relief plea waiver and it is procedurally defaulted and meritless. (Doc. No. 3). In a Reply, defense counsel argues that a sentence that exceeds the statutory maximum cannot be waived by a plea agreement's collateral relief waiver, it is not procedurally defaulted because the claim is novel, and the Johnson claim is meritorious. (Doc. No. 4).

**II.    PROCEDURAL DEFAULT**

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). As a general matter, a petitioner cannot raise an argument in a post-conviction proceeding that he did not raise earlier on direct appeal. See, e.g., Sanchez-Llamas v. Oregon,

3

548 U.S. 331, 351 (2006) (citing Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley, 523 U.S. at 621).

Courts may excuse procedural default where a defendant is able to demonstrate "cause" and actual "prejudice," or actual innocence. Bousley, 523 U.S. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977)); see United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). "Cause" to excuse a procedural default requires "some objective factor external to the defense [that] impeded counsel's efforts to comply" with the procedural requirements to raise a claim. Murray, 477 U.S. at 488; Mikalajunas, 186 F.3d at 490. For instance, "cause" is established "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray, 477 U.S. at 494); Strickler v. Green, 527 U.S. 263, 289 (1999).

Petitioner concedes that he did not raise his Johnson claim on direct appeal, however, he argues that the claim is not procedurally defaulted from collateral review because he can demonstrate cause and prejudice. As to cause, Petitioner correctly argues that Johnson's holding is so novel that it was not reasonably available to appellate counsel on direct appeal, and therefore, he has established "cause" to excuse

4

his procedural default of this claim. See Casper v. United States, 2016 WL 3583814 (W.D.N.C. July 1, 2016); see also; United States v. Snyder, 2017 WL 4171886 (10th Cir. Sept. 21, 2017) (concluding that a Johnson claim was not reasonably available to the § 2255 petitioner at the time of his direct appeal, which is sufficient to establish cause); United States v. Redrick, 841 F.3d 478, 480 (D.C. Cir. 2016) ("it is fair to say that no one – the government, the judge, or the [defendant] – could reasonably have anticipated Johnson").

However, Petitioner cannot establish prejudice to excuse his procedural default because he does not allege actual innocence and the Johnson claim is meritless for the reasons set forth below. Therefore, his procedural default of this claim is not excused and the § 2255 Motion to Vacate will be dismissed with prejudice.[1]

### III.    SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the

---

[1] The Court declines to reach the Government's argument that the appellate and collateral review waivers in Petitioner's plea agreement bar relief because the Johnson claim is procedurally defaulted and meritless.

5

record of prior proceedings . . ." to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## IV. DISCUSSION

Petitioner argues that his sentence under the Armed Career Criminal Act ("ACCA") is illegal pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), because his prior conviction for violating § 924(c) is not categorically a crime of violence. The Court disagrees.

Convicted felons are prohibited from shipping, possessing, and receiving firearms. 18 U.S.C. § 922(g)(1). Violations are generally punishable by up to 10 years' imprisonment. 18 U.S.C. § 924(a)(2). ACCA increases a prison term to a minimum of 15 years and a maximum of life if the violator has three or more prior convictions for a "serious drug offense" or "violent felony." 18 U.S.C. § 924(e)(1). ACCA defines a "violent felony" as any felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C.A. § 924(e)(2)(B).

Subsection (e)(2)(B)(i) is commonly referred to as the force clause. It applies only to those crimes that involve "violent force—that is, force capable of causing

6

physical pain or injury to another person." See Curtis Johnson v. United States, 559 U.S. 133, 140 (2010). The first portion of subsection (e)(2)(B)(ii) is referred to as the enumerated offenses clause, and the "otherwise" portion is the so-called "residual clause." The United States Supreme Court held that the ACCA residual clause is void for vagueness. Johnson, 135 S. Ct. at 2551. That holding is a retroactively applicable right. Welch v. United States, 136 S. Ct. 1257, 1265 (2016). The Supreme Court only invalidated ACCA's residual clause and did "not call into question application of the Act to the four enumerated offenses, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. at 2563; see United States v. Hemingway, 734 F.3d 323, 327 (4th Cir. 2013).

To determine if a prior conviction constitutes a "violent felony" under ACCA's force clause, courts typically use a "categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." United States v. Brandon, 247 F.3d 186, 188 (4th Cir. 2001) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)). However, a court may go "beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of [the offense]." Taylor, 495 U.S. at 602. When a prior conviction is for violating a "divisible statute"—one that sets out one or more of the elements in the alternative—courts use a "modified categorical approach" as a tool to identify the crime of conviction from among several alternatives. Mathis v. United States, 136 S. Ct. 2243 (2016); see Descamps v. United States, 570 U.S. 254, 263-64 (2013); United States v. Alston, 611 F.3d 219, 224 (4th Cir. 2010).

7

A crime is "divisible" when it includes multiple "alternative elements" that create different versions of the crime, at least one of which would qualify under the federal definition and at least one of which would not. United States v. Gardner, 823 F.3d 793, 802 (4th Cir. 2016) (citing Descamps, 570 U.S. at 261-62)). A crime is not divisible simply because it may be accomplished through alternative means, but rather, when alternative elements create distinct crimes. Omargharib v. Holder, 775 F.3d 192, 197-98 (4th Cir. 2014). Alternative elements of a crime, as opposed to alternative means of committing it, are "factual circumstances of the offense that the jury must find 'unanimously and beyond a reasonable doubt.'" Id. (citing United States v. Royal, 731 F.3d 333, 341 (4th Cir. 2013)); Descamps, 570 U.S. at 269-70). When applying the modified categorical approach, courts may only rely on documents with "the conclusive significance of a prior judicial record," such as charging papers, written plea agreements, plea colloquy transcript, and jury instructions. Shepard v. United States, 544 U.S. 13, 20 (2005).

The ACCA predicate at issue in the instant case is Petitioner's 1994 conviction for violating 18 U.S.C. § 924(c). That statute prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" for purposes of § 924(c)(1) is an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

8

18 U.S.C.A. § 924(c)(3).

All of the elements of § 924(c) must be proven and found by a jury beyond a reasonable doubt or admitted in a knowing and voluntary plea. See United States v. Hopkins, 310 F.3d 145, 152-53 (4th Cir. 2002); United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997); United States v. Randall, 171 F.3d 195, 208 (4th Cir. 1999); United States v. Nelson, 484 F.3d 257, 260 (4th Cir. 2007) (a knowing and voluntary guilty plea to a § 924(c) offense admits all the material elements of the crime, *i.e.*, that he possessed the firearm and did so in relation to the predicate offense).

The first issue is whether the categorical or modified categorical approach applies to determine whether a § 924(c) conviction is a "violent felony" under ACCA's force clause. Section 924(c)(1), is divisible because it contains two alternative elements -- commission of a felony that is either a "drug trafficking crime" or a "crime of violence." See Mathis, 136 S. Ct. at 2257 ("an indictment … could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each of which goes toward a separate crime."); Gould v. Attn'y Gen., 480 F. App'x 713 (3d Cir. 2012) (finding that § 924(c)(1)(A)(i) is "disjunctive" because it criminalizes the "crime of violence" and "drug trafficking crime" alternatives); see also USSG §4B1.2 cmt. n.1 ("A violation of 18 U.S.C. § 924(c) … is a "crime of violence" or a "controlled substance offense" if the offense of conviction established that the underlying offense was a "crime of violence" or a "controlled substance offense").

9

Section 924(c)(3), which defines "crime of violence," is also divisible. Although § 924(c)(3) does not list the various offenses that can satisfy § 924(c)'s "crime of violence" element, the underlying offense must be admitted by a defendant or unanimously found by a jury. See Randall, 171 F.3d at 208; Nelson, 484 F.3d at 260. This indicates that the various underlying predicate offenses are elements of § 924(c), rather than means of committing the § 924(c) offense, and the modified categorical approach applies. See generally Mathis, 136 S. Ct. at 2248 (at trial, elements are what a jury must find beyond a reasonable doubt, or what the defendant necessarily admits when he pleads guilty); United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015) (if a jury must unanimously agree that a defendant committed a particular substantive offense contained within a disjunctively worded statute, a court can conclude it has alternative elements, not alternative means); but see United States v. Boman, 873 F.3d 1035, 1042-43 (8th Cir. 2017) (finding § 924(c)(1) is divisible as to "crime of violence" or "drug trafficking crime," but that § 924(c)(3), defining "crime of violence," is indivisible and not categorically a crime of violence, in part, because it could include force against property).[2]

---

[2] This Court disagrees with the Eighth Circuit's abandonment of the modified categorical approach mid-analysis. Once the court found that the modified categorical approach applies to § 924(c)(1), "the blinders are already off, and there is no requirement to pretend otherwise." United States v. Ortiz-Uresti, 2018 WL 636007 at *2 n.2 (3d Cir. Jan. 31, 2018) (quoting United States v. Blair, 734 F.3d 218, 225 (3d Cir. 2013)). Further, the Court disagrees with the Eighth Circuit's conclusion that § 924(c)(3) is indivisible. As previously discussed, § 924(c)(3) includes alternate elements; therefore, the modified categorical approach applies. Section 924(c)'s divisibility authorizes the Court to look at Shepard-approved documents and determine whether the elements of the predicate assault offense admitted by the defendant qualifies as a violent felony.

Shepard-approved documents reveal that Petitioner was charged with, and pled guilty to, carrying a firearm during and in relation to the VICAR offense of assault with a dangerous weapon in aid of racketeering activity under 18 U.S.C. § 1959(a)(3), and aiding and abetting the same. (3:94-cr-29, Doc. No. 96: Superseding Indictment; Doc. No. 158: Plea Agreement; Doc. No. 210: Judgment).

Section 1959(a) defines various crimes in aid of racketeering activity by listing elements in the alternative, thus defining different offenses based on the predicate violent crime. See Kinard v. United States, 2017 WL 4350983 (W.D.N.C. Sept. 29, 2017) (applying the modified categorical approach to § 1959(a)); United States v. Jones, 2017 WL 3725632 (W.D. Va. Aug. 29, 2017) (accord); Cousins v. United States, 198 F. Supp. 3d 621 (E.D. Va. 2016) (accord). The statute does not define "assault," so the common-law meaning applies. See United States v. Shabani, 513 U.S. 10, 13 (1994) (following the "settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms."). Common-law assault is the "(1) willful attempt to inflict injury upon the person of another … or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." Kinard, 2017 WL 4350983 at *5 (quoting United States v. Lamott, 831 F.3d 1153, 1156 (9th Cir. 2016)). Section 1959(a)(3) heightens simple assault by additionally requiring the use of a dangerous weapon, that is an object with the capacity to endanger life or inflict serious bodily harm. See United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995). By requiring both common-law assault and

11

the use of a dangerous weapon, § 1959(a)(3) has as an element the use, attempted use, or threatened use of physical force against the person of another, thereby satisfying ACCA's force clause, § 924(e)(2)(B)(i).[3]

Accordingly, the Court finds that Petitioner's 1994 conviction of violating § 924(c) is a violent felony under ACCA's force clause and his armed career criminal sentence is not invalidated by Johnson. Because Petitioner cannot show "actual prejudice," his Johnson claim is procedurally defaulted from § 2255 review and no exception applies.

V.      CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 Motion to Vacate with prejudice.

---

[3] See generally Curtis Johnson, 559 U.S. at 140-41 (suggesting that ACCA's force element would be satisfied by crimes "characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a dangerous weapon.") (emphasis added); see, e.g., United States v. Whindleton, 797 F.3d 105 (1st Cir. 2015) (Massachusetts "assault upon another," which includes attempted or threatened battery by "means of a dangerous weapon" has as an element the use, attempted use, or threatened use of physical force as required by ACCA); United States v. Ramon Silva, 608 F.3d 663 (10th Cir. 2010) (New Mexico aggravated assault, which is "unlawful assaulting or striking another with a deadly weapon" is an ACCA violent felony); United States v. Lewis, 2018 WL 317776 (3d Cir. Jan. 8, 2018) (Pennsylvania aggravated assault, which punishes a person who "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon," is a crime of violence under § 4B1.2(a)(1)'s analogous force clause); United States v. Harris, 853 F.3d 318 (6th Cir. 2017) (Michigan felonious assault, which requires an assault with a dangerous weapon and the intent to injure or place the victim in reasonable apprehension of an immediate battery is a crime of violence under § 4B1.2's force clause); Cousins, 198 F. Supp. 3d at 626 (assault with a dangerous weapon requires the use, attempted use, or threatened use of force under § 924(c)(3)(A)'s force clause).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice.

2. Respondent's Motion to Dismiss, (Doc. No. 3), is **GRANTED.**

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 22, 2018

*[signature]*

Robert J. Conrad, Jr.
United States District Judge